**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOANN FLETCHER, on behalf of herself and others similarly situated,** | ) ) ) | **CASE NO.** |
| **Plaintiff,** | ) ) | **JUDGE** |
| **v.** | ) ) ) | **CLASS AND COLLECTIVE ACTION** |
| **KINETICO INC.,** | ) ) | **COMPLAINT** |
| **Defendant.** | ) ) ) | **JURY DEMAND INCLUDED HEREON** |

Plaintiff Joann Fletcher ("Plaintiff"), by and through counsel, for her Complaint against Defendant Kinetico Inc. ("Defendant"), states and alleges as follows:

### INTRODUCTION

1.     This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

2.     Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of herself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly-situated" persons who may join this case pursuant to § 216(b) ("Potential Opt-Ins").

3.     Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons, defined herein, who assert factually-related claims under Ohio wage-and-hour statutes (the "Ohio Class").

1

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.      This Court has supplemental jurisdiction over Plaintiff's claims under Ohio law because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Northern District of Ohio.

## PARTIES

7.      Plaintiff is a resident of Ohio who was employed by Defendant as a press operator from 2016 through October 2019.

8.      Defendant is a Corporation for Profit organized under the laws of the state of Delaware and registered to do business in Ohio.

9.      At all times relevant, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d),  and corresponding provisions of Ohio law including the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

10.     At all times relevant, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d),  and corresponding provisions of Ohio law including the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

## FACTUAL ALLEGATIONS
### Failure to Pay for Pre-Shift Work

11.     At all times relevant to this Complaint, Defendant employed Plaintiff and other similar situated employees in a non-exempt hourly capacity.

2

12.     Plaintiff and other similarly situated employees were routinely required to work in excess of 40 hours per workweek.

13.     Defendant required Plaintiff and other similarly situated employees to arrive before their scheduled shift no less than ten minutes early to perform unpaid work prior to shift start time.

14.     Plaintiff, for example, was required obtain her daily assignment, get all necessary tools and parts ready to complete her assignment, and to prepare a production sheet prior to her shift start time.

15.     Plaintiff and other similarly situated employees subject to this policy were not paid any amount for their pre-shift work, and such time was not counted as hours worked for purposes of computing overtime.

16.     Plaintiff and those similarly situated to her performed this unpaid work routinely, and it constituted a part of their fixed and regular working time.

17.     There was no practical administrative difficulty in recording this unpaid work for Plaintiff and those similarly situated.

18.     The unpaid work performed by Plaintiff and other similarly situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

19.     This work was an integral and indispensable part of the principal activities performed by Plaintiff and other similarly situated employees.

20.     Defendant's failure to pay Plaintiff and similarly situated employees for pre-shift work resulted in unpaid overtime in violation of the FLSA and Ohio law.

21.     Defendant knowingly and willfully failed to pay Plaintiff and other similarly

3

situated employees for time spent performing pre-shift work.

## COLLECTIVE ACTION ALLEGATIONS

22.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

23.     Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

24.     The Potential Opt-Ins who are "similarly situated" to Plaintiff's with respect to Defendant's FLSA violations consist of:

> All of Defendant's current and former non-exempt employees who performed unpaid pre-shift work and who worked 40 or more hours in at least one workweek at any point from three years prior to the filing of this Complaint through the present.

25.     Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay for pre-shift work resulting in unpaid overtime, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

26.     Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

27.     The persons similarly situated to Plaintiff are readily identifiable through the payroll records Defendant have maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

4

## CLASS ACTION ALLEGATIONS
### (Ohio Class)

28.    Plaintiff incorporates  by reference the foregoing allegations as if fully  rewritten herein.

29.    Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23  on behalf of herself and other  members  of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> All of Defendant's current and former non-exempt employees who performed unpaid pre-shift work and who worked 40 or more hours in at least one workweek at any point from two years prior to the filing of this Complaint through the present.

30.    The Ohio Class is so numerous that joinder of all class members is impracticable. The exact number of class members as well as their identities are ascertainable from  the payroll records  Defendant has maintained, and was required to maintain, pursuant to the FLSA and  Ohio law.  29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

31.    There are questions of law or fact common to the Ohio Class, including  but not limited to:

> Whether Defendant failed to pay Plaintiff and other class members all overtime pay due to them?

> Whether Defendant's failure to pay Plaintiff and other class members overtime pay due to them in violation of the FLSA and Ohio law was willful?

> Whether Defendant kept adequate records of the hours  worked by Plaintiff and the other class members?

32.    Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant,  and are based on the same legal theories, as the claims of other class members.

33.    Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

34.    The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

35.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

### COUNT ONE
### (FLSA Overtime Violations)

36.    Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37.    Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) has

been filed with the Court.

38.     The FLSA requires that Defendant's non-exempt hourly employees receive overtime compensation for all hours worked in excess of forty (40) in a workweek.

39.     Plaintiff and the Potential Opt-Ins should have been paid overtime compensation at the rate of one-half times their regular rate of pay for all hours worked in excess of forty hours per workweek.

40.     Defendant failed to pay the overtime compensation to Plaintiff and the Potential Opt-Ins.

41.     By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

42.     As a result of Defendant's violations of the FLSA, Plaintiff and the Potential Opt-Ins were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the Plaintiffs or plaintiffs, allow a reasonable attorney's fee to be paid by the Defendants, and costs of the action."

**COUNT TWO**
**(Ohio Overtime Violations)**

43.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

44.     Plaintiff brings this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, on behalf of herself, the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), and all members of the Ohio Class for which

certification is sought pursuant to Fed. R. Civ. P. 23.

45.    At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

46.    Defendant violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by failing to pay overtime compensation to its non-exempt hourly employees.

47.    Defendant's violations of Ohio Rev. Code Ann. § 4111.03 injured Plaintiff, the Potential Opt-Ins, and the Ohio Class members in that they did not receive overtime compensation due to them pursuant to that statute.

48.    Ohio Rev. Code Ann. § 4111.10(A) provides that Defendant, having violated § 4111.03, is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, and all similarly-situated employees, collectively pray that this Honorable Court:

A.    Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.    Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C.    Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins, and the Ohio Class;

D.    Award compensatory damages to Plaintiff, the Opt-Ins, and the Ohio Class in the amount of their  unpaid wages, as well as liquidated damages in an equal amount; and

E.    Award Plaintiff and the Putative Class members pre-judgment and post-judgment interest at the statutory rate;

F.    Award Plaintiff their costs and attorney's fees incurred in prosecuting this  action and such further relief as the Court deems equitable and just.

Respectfully submitted,

*/s/ Christopher J. Lalak*
**NILGES DRAHER LLC**
Christopher J. Lalak (0090079)
614 West Superior Avenue,
Suite 1148
Cleveland, OH 44113-2300
Telephone:     (216) 230-2955
Email:          clalak@ohlaborlaw.com

Shannon M. Draher (0074304)
7266 Portage street, N.W. Suite D
Massillon, OH 44646
Telephone:     (330) 470-4428
Facsimile:     (330) 754-1430
Email: sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Christopher J. Lalak*
Christopher J. Lalak

*Counsel for Plaintiff*

9