IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOANN FLETCHER, | ) | CASE NO. 1:20-cv-00105 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | **JOINT MOTION FOR APPROVAL OF** |
| KINETICO INC., | ) | **CONFIDENTIAL SETTLEMENT AND** |
| | ) | **STIPULATED DISMISSAL WITH** |
| Defendant. | ) | **PREJUDICE** |
| | ) | |

NOW COME Plaintiff Joann Fletcher ("Plaintiff") and Defendant Kinetico Inc. ("Defendant"), by and through counsel, and respectfully move this Court to approve the Settlement reached by the parties and memorialized in the Parties' Confidential Settlement and Release Agreement (the "Settlement Agreement"), attached under seal as Exhibit 1.  The Settlement Agreement seeks to resolve the claims Plaintiff asserted against Defendant, including claims under the Fair Labor Standards Act ("FLSA") and Ohio Minimum Fair Wage Standards Act ("OMFWSA").  The Parties respectfully move this Court to review the Settlement Agreement and issue an Order approving the Settlement Agreement as fair and reasonable and dismissing this case with prejudice.

The Parties respectfully submit that the Settlement Agreement between Plaintiff and Defendant satisfies the criteria for approval under § 216(b) of the FLSA.  The Settlement Agreement was achieved following good faith negotiations between counsel for the Parties, consideration of the legal and factual issues arising in this case, and the best interests of the Parties as evaluated by their respective counsel.

The settlement documents submitted for approval by the Court consist of the following:

Exhibit 1:      Confidential Settlement and Release Agreement, filed under seal.

Exhibit 2:      Proposed Order

The following sections explain the nature of the action, the negotiations, the principal terms of the Settlement Agreement, and the propriety of approving the Settlement Agreement.

## I.      THE ACTION

Plaintiff Fletcher initiated this action under Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.  [Dkt. #1]. Plaintiff claims that Defendants violated the FLSA by failing to pay compensation including overtime for all hours worked over 40 in a workweek.  Plaintiff initially brought this action on behalf of similarly situated employees, but did not file a motion for conditional certification. Defendant answered the Complaint, and denied any liability or wrongdoing of any kind against Plaintiff. [Dkt. #7]. Only one individual filed an opt-in consent form. [Dkt. #10].

## II.      THE NEGOTIATIONS

Pursuant to the request of Plaintiffs' counsel, Defendants on or about October 9, 2019, produced the time and pay records for Plaintiffs in order to expedite settlement discussions. Approximately one week later, Plaintiffs' counsel submitted a demand, Defendants rejected via a counter-offer. Additional discussions were then held where informal ideas for settlement were discussed, including at and after the Case Management Conference with the Court on April 8, 2020.  As a result of these negotiations, the Parties reached an agreement to resolve this entire matter.

## III.      THE SETTLEMENT TERMS

If approved by the Court, the Settlement Agreement will resolve all issues between Plaintiff and Defendant in this case. Plaintiff will receive the amounts stated in the Settlement Agreement

attached as Exhibit 1 and attorney's fees as stated therein.  In exchange, this case will be dismissed with prejudice.

## IV.    THE PROPRIETY OF APPROVAL

The Settlement Agreement is subject to approval by the Court pursuant to § 216(b) of the FLSA.  As explained below, Court approval is warranted on all scores.

The Settlement Agreement is a fair resolution of a bone fide dispute.  The court presiding over an FLSA action may approve a proposed settlement of the action under § 216(b) "after scrutinizing the settlement for fairness."  *Landsberg v. Acton Enterprises, Inc*., 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946))).

The Parties state that the payments to Plaintiff are fair, reasonable, and adequate given that (1) Defendants have agreed to pay substantially all alleged unpaid overtime, liquidated damages and all attorney's fees incurred by Plaintiff, and (2) there exist several significant, bona fide factual and legal issues (the number of compensable hours worked, whether Plaintiff is entitled to additional overtime payments, and the proper statute of limitations period).  If approved by the Court, the proposed Settlement Agreement will make settlement payments available to Plaintiff representing the fair and reasonable potential value of her claims. The proposed payments to Plaintiff set forth in the Settlement Agreement attached as Exhibit 1 are based on co-independent assessments of the amounts of unpaid overtime during the applicable period. These payments were the result of fair and even-handed arm's length bargaining between experienced counsel for the Parties.  Based on the early exchange of time and pay records and personnel information, Plaintiff

also concluded that the one individual opt-in Plaintiff was not entitled to overtime compensation and therefore will not be part of the settlement.

Plaintiff's counsel will receive an agreed-upon amount for attorney's fees and reimbursement of litigation costs. The payment to counsel is the result of hard bargaining and represents a significant reduction from the total fees expended in the prosecution of the action.

Accordingly, the settlement proceeds are fair, reasonable and adequate.

## V.    CONCLUSION

For the reasons addressed above, the Parties respectfully request that this Court approve the Settlement Agreement by entering the proposed Stipulated Order attached as Exhibit 2.

Respectfully submitted,

/s/ Christopher J. Lalak

CHRISTOPHER J. LALAK (0090079)
SHANNON M. DRAHER (0074304)
NILGES DRAHER LLC
614 W. Superior Ave., Ste. 1148
Cleveland, OH 44113
(216) 230-2955
clalak@ohlaborlaw.com
sdraher@ohlaborlaw.com
Attorneys for Plaintiff

/s/ Amy L. Kullik

AMY L. KULLIK (0069663)
KENNETH E. SMITH (0090761)
MANSOUR GAVIN LPA
1001 Lakeside Avenue, Suite 1400
Cleveland, OH 44114
(216) 523-1500; Fax (216) 523-1705
akullik@mggmlpa.com
ksmith@mggmlpa.com
Attorneys for Defendant Kinetico, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 31st day of August, 2020, I electronically filed the foregoing Joint Motion for Approval of Settlement.  All parties and counsel of record will receive service of this filing through the Court's electronic filing system and may access the filing through the Court's system.

/s/ Amy L. Kullik
AMY L. KULLIK (0069663)
KENNETH E. SMITH (0090761)
MANSOUR GAVIN LPA
*Attorneys for Defendant Kinetico, Inc.*